IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISADORIS GREEN,

                              Plaintiff,

  v.                                                            OPINION and ORDER

NICHOLAS ALEXANDER,                                25-cv-203-jdp

                              Defendant.

---

      Plaintiff Isadoris Green, proceeding without counsel, alleges that, in May 2016, the Douglas County sheriff struck him with a squad car because of Green's race and because of false charges brought against him. *See* Dkt. 1, at 2. Green names as a defendant only Nicholas Alexander, whom Green identifies as a member of the Douglas County Sheriff's Department. Green also identifies the Superior Wisconsin Police Department and Lake Superior Task Force as entities that violated his rights. *See id.*

      Green's complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Green must allege enough facts to give defendant's fair notice of his claim and the plausible grounds upon which it rests. *See Ollison v. Gossett*, 136 F.4th 729, 737 (7th Cir. 2025); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

It isn't clear whether Green was in custody when the sheriff struck him with a squad car. So I will assume that he was a free citizen, meaning that his Fourth Amendment rights are at issue. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). A law enforcement officer violates the Fourth Amendment when he uses an objectively unreasonable amount of force against an individual. *See Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). Getting hit by a car obviously involves force, but it would violate Green's rights only if it was done intentionally.

The allegations in Green's complaint are so sparse and inconsistent that I cannot understand who did what to violate Green's rights. Based on publicly available information, the court knows that Alexander was not the Douglas County sheriff in 2016. Green doesn't name the sheriff as a defendant. And Green doesn't identify any action by Alexander, the sole named defendant. Green does not identify any acts by the Superior Wisconsin Police Department or the Lake Superior Task Force. Generally, Green would have to identify the individual law enforcement officers who violated his rights and explain how they did so.

Green's complaint has another problem: he alleges that the events took place in 2016, which would mean that the statute of limitations for any claim based on those events would have expired years ago. Although the statute of limitations is generally an affirmative defense to be raised by defendants, the court would not allow an obviously untimely case to proceed.

I will allow Green to file an amended complaint that attempts to fix these problems. Green's amended complaint must name as a defendant anyone from whom he seeks any remedy, and he must explain what each defendant did to violate his rights. He has to provide enough background to give a plausible account of the violation of his rights. He should also address why he waited more than nine years to file this suit.

ORDER

IT IS ORDERED that:

1. Plaintiff Isadoris Green's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Green may have until January 17, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Green must file his amended complaint on the court's non-prisoner complaint form, which the court will send him with this order.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If Green fails to comply with this order, I may dismiss this case.

6. Green must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send Green copies of this order and the court's non-prisoner complaint form.

Entered December 17, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge